IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

BETTIE J. BEAN                                                                          PLAINTIFF

V.                                               CIVIL ACTION NO.3:08CV75-SAA

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY                     DEFENDANT

MEMORANDUM OPINION

This case involves an application under 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying the application of plaintiff Bettie J. Bean, for a period of disability (POD) and disability insurance benefits (DIB) under Sections 216(I) and 223 of the Social Security Act and for supplemental security income (SSI) payments under Section 1614(a)(3) of the Act. Plaintiff applied for benefits on October 28, 2005, alleging that she became disabled on May 6, 2005, due to obesity, recurrent microcytic anemia, arthritis, hypertension, congestive heart failure, tachycardia and bradycardia. The plaintiff's claim was denied initially and on reconsideration. Plaintiff requested an administrative hearing, which was held on October 23, 2007. In anticipation of the hearing, counsel for the plaintiff submitted to the ALJ a "pre-hearing memorandum" on October 19, 2007, outlining plaintiff's medical conditions that would, in his opinion, meet or medically equal Listing 7.02B and specifically requesting that if the ALJ could not issue a favorable decision based on the medical evidence submitted, he obtain an updated medical expert's opinion on the issue of medical equivalency,

1

under Social Security Ruling (SSR) 96-6p and request a consultative examination including x-rays of the extremities. (TR. 175-177).

On November 6, 2007 the ALJ issued an unfavorable decision, and plaintiff properly filed a request for review with the Appeals Council. On June 10, 2008, the Appeals Council denied plaintiff's request for review. The plaintiff timely filed the instant appeal, which is now ripe for review.

## FACTS

The plaintiff was born in 1959, was forty-six at the time of her alleged onset date, and although she did not complete high school, obtained a General Equivalency Diploma (GED). (Tr. 40). Her past relevant work was as a seamstress. (Tr. 40, 129-132, 143-144). Plaintiff received enough quarters before her alleged onset date to remain insured for DIB through December 2010. (Tr. 115).

The ALJ determined that the plaintiff suffers from "severe" impairments including hypertension, anemia, arthritis and obesity (Tr. 27), but that these impairments do not meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, App. 1. (Tr. 28). The ALJ determined that the plaintiff retains the Residual Functional Capacity (RFC) to "lift/carry and push/pull 10 pounds occasionally and frequently, stand/walk for 5 hours in an 8-hour workday, and sit for 6 hours in an 8-hour workday. She can occasionally climb, balance, stoop, kneel and crawl." (Tr. 29, Finding No. 5). Upon further analysis under applicable rulings and regulations, the ALJ determined that the plaintiff was less than fully credible in that her claimed symptoms, stated limitations and subjective complaints suggest a greater level of severity of impairment than is shown by the objective medical evidence. (Tr. 30). Finally, the ALJ considered the effects of

plaintiff's obesity upon her RFC and reduced his determination accordingly. (Tr. 31). After evaluating all of the evidence in the record, including testimony of both the plaintiff and a vocational expert (VE) at the hearing, the ALJ held that the plaintiff is unable to perform her past relevant work. (Tr. 32). Nevertheless, considering her age, education, work experience and RFC, and using the Medical-Vocational Guidelines, 20 CFR Part 404, Subpart P, Appendix 2, as a framework, he determined that there are jobs that exist in significant numbers in the national economy that the plaintiff can perform, and she was not disabled under the Social Security Act. (Tr. 35-36).

On appeal to this court plaintiff raises the following issues:

1. Whether the Appeals Council erred in failing to follow its own policy and procedures regarding the additional evidence submitted on appeal; and
2. Whether the ALJ erred in failing to give proper weight to the treating physician's opinion resulting in a flawed or erroneous RFC determination.

Docket 11, p. 1.

## STANDARD OF REVIEW

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[1] The burden rests upon the plaintiff throughout the first four steps of this five-step process to prove disability, and if the plaintiff is successful in sustaining her burden at each of the first four levels then the burden shifts to the Commissioner at step five.[2] First, plaintiff must prove she is not currently engaged in substantial gainful activity.[3] Second,

---

[1] *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

[2] *Muse v. Sullivan,* 925 F.2d 785, 789 (5th Cir. 1991).

[3] 20 C.F.R. §§ 404.1520(b), 416.920(b) (2003).

the plaintiff must prove her impairment is "severe" in that it "significantly limits her physical or mental ability to do basic work activities . . . ."[4] At step three the ALJ must conclude the plaintiff is disabled if she proves that her impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2003).[5] If plaintiff does not meet this burden, at step four she must prove that she is incapable of meeting the physical and mental demands of her past relevant work.[6] At step five the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that she is capable of performing other work.[7] If the Commissioner proves other work exists which the plaintiff can perform, the plaintiff is given the chance to prove that she cannot, in fact, perform that work.[8]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence, and whether the Commissioner used the correct legal standard. *Muse v. Sullivan,* 925 F.2d 785, 789 (5th Cir. 1991); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). "To be substantial, evidence must be relevant and sufficient for a reasonable mind to accept it as adequate to support a conclusion; it must be more than a scintilla but it need not be a preponderance . . . ." *Anderson v. Sullivan,* 887 F.2d 630, 633 (5th Cir. 1989) (citation omitted).

---

[4] 20 C.F.R. §§ 404.1520, 416.920 (2003).

[5] 20 C.F.R. § 404.1520(d), 416.920 (2003). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. §§ 404.1525, 416.925 (2003).

[6] 20 C.F.R. §§ 404.1520(e), 416.920(e) (2003).

[7] 20 C.F.R §§ 404.1520(f)(1), 416.920(f)(1) (2003).

[8] *Muse*, 925 F.2d at 789.

4

"If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994) (citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971)).

The ALJ concluded plaintiff has hypertension, anemia, arthritis and obesity, a severe combination of impairments. (Tr. 27). Nevertheless, at step three the ALJ found that the plaintiff's limitations did not meet or equal any impairment listed at 20 CFR pt. 404, subpt. P, app. 1 (2008), including Listing 7.02 for anemia. (Tr. 28-29). The plaintiff's argument focuses on the ALJ's determination at step three and his failure either to find that based on the medical evidence the plaintiff met or medically equaled Listing 7.02, or to request an updated medical expert's opinion on the issue of medical equivalency under Social Security Ruling (SSR) 96-6p in light of plaintiff's impairments and severe obesity. Docket 11, pp. 5-6, 8-10.

## DISCUSSION

### Is the Appeals Council's denial of review of the ALJ's decision erroneous or contrary to applicable law?

Substantial evidence, says the Fifth Circuit, is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994) (citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971)). Conflicts in the evidence are for the Commissioner to decide, and if substantial evidence is found to support the decision, the decision must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990).

In this case plaintiff's counsel submitted a brief both to the ALJ before the October 2007 hearing and to the Appeals Council on January 8, 2008 before the deadline for submission of other evidence and things to the Appeals Council. (Tr. 175-183, 5-16). In both memoranda plaintiff's counsel requested:

> If this case is not to be awarded, counsel requests a medical expert opinion on equivalency, and/or an extensive consultative examination to include x-rays of the extremities.

(Tr. 176, 9 - 10). In support of his request, counsel attached the Fifth Circuit case of *Audler v. Astrue*, 501 F.3d 446 (5th Cir. 2007). However, *Audler* is inapplicable in this case because the ALJ specifically articulated the Listing – Listing 7.02, the plaintiff's impairments and symptoms, what medical records he reviewed, what medical records he relied on and why the plaintiff did not meet or equal the Listing. (Tr. 29). *See Moore v. Astrue* 2008 WL 4602732 (N.D. Tex. 2008) (holding that an administrative decision which specified this information did not suffer from *Audler* deficiencies). Counsel's argument, however, that plaintiff met or equaled Listing 7.02B, has some appeal and has been examined by the court.

> The provisions setting forth the listing for chronic anemia are as follows:
>
> Listing 7.02 for Chronic anemia (*hemocrit persisting at 30 percent or less due to any cause* ). With:
> A. Requirement of one or more blood transfusions on an average of at least once every two months; or
> B. Evaluation of the resulting impairment under criteria for the affected body system.

20 C.F.R. Ch. III, Pt. 404, Subpt. P., App. 1. Although the plaintiff has provided evidence that she had persistent hematocrit levels below 30% over the years, the record evidence does not meet the requirements of part A relating to blood transfusions. *See* e.g. Tr. 29, 190, 199, 200, 220,

6

247, 352, 374, and 407. As for the criteria under part B, the plaintiff contends that plaintiff's obesity in combination with her other physical impairments should necessarily be equivalent. In other words, if the ALJ or Appeals Council had properly considered plaintiff's obesity in combination with all of her impairments, the result should have been a finding of disabled under Listing 7.02. Plaintiff relies on SSR 02-1p for her arguments that her obesity increased the severity of her physical impairments.

In the past obesity was contained in the regulations as a separate listed impairment. Effective October 25, 1999, however, Listing 9.09 regarding obesity was deleted from the Listing of Impairments in 20 C.F.R., Part 404, Subpart P, Appendix 1.[9] The Social Security Administration determined that because of the widely varying effects which obesity and related impairments may have on an individual's functioning, the only way the Administration could be

---

[9]Before October 25, 1999, 20 C.F.R. Part 404, Subpart P, Appendix 1, Listing § 9.09 read as follows:

> 9.09 Obesity. Weight equal to or greater than the values specified in Table I for males, Table II for females (100 percent above desired level), and one of the following:
>
> A. History of pain and limitation of motion in any weight-bearing joint or the lumbosacral spine (on physical examination) associated with findings on medically acceptable imaging techniques of arthritis in the affected joint or lumbosacral spine; or
> B. Hypertension with diastolic blood pressure persistently in excess of 100 mm. Hg measured with appropriate size cuff; or
> C. History of congestive heart failure manifested by past evidence of vascular congestion such as hepatomegaly, peripheral or pulmonary edema; or
> D. Chronic venous insufficiency with superficial varicosities in a lower extremity with pain on weight bearing and persistent edema; or
> E. Respiratory disease with total forced vital capacity equal to or less than 2.0 L. or a level of hypoxemia at rest equal to or less than the values specified in Table III-A or III-B or III-C. . . .

7

confident that individuals were disabled under the listings would be to require the claimant's other impairments to meet or equal the severity of their respective listings. *Wooten v. Apfel*, 108 F. Supp 2d 921, 924 (E.D. Tenn. 2000). Listing 9.09 was deleted because, according to the Commissioner's final rule, the Listing 9.09 criteria "did not represent a degree of functional limitations that would prevent an individual from engaging in any gainful activity." 64 Fed. Reg. at 46123.

Despite the fact that 9.09 was deleted as a separate listing, obesity is still a consideration in determining disability. The Administration added guidance for evaluating claims for benefits involving obesity to the prefaces of the musculoskeletal, respiratory, and cardiovascular body system listings. The stated purpose in making the Listing 9.09 changes was to ensure that adjudicators understand that the Administration considers obesity to be a medically determinable impairment that can be the basis for a finding of a disability, and that an ALJ must consider obesity in combination with other impairments when evaluating disability at the listings step and other steps of the sequential evaluation process. 64 FR 46122, 46123. According to post-amendment Social Security Rulings, "[o]besity can cause limitation of function," including limitations "in any of the exertional functions such as sitting, standing, walking, lifting, carrying, pushing, and pulling. . . ," as well as an individual's "ability to do postural functions, such as climbing, balance, stooping, and crouching." SSR-02-1p, p. 6. Finally, "[t]he ability to tolerate extreme heat, humidity, or hazards may also be affected." *Id.* SSR 02-1p acknowledges that often obesity may affect an individual in a less than obvious manner – "[f]or example, some people with obesity also have sleep apnea." *Id.* Therefore the ruling requires an ALJ to assess the effect obesity has upon the individual's ability to perform routine movement and necessary

physical activity within the work environment, taking into account fatigue or other combined effects of obesity which, with other impairments, may be greater than might be expected without obesity. SSR - 02-1p, p.6. In the instant case the ALJ specifically considered the plaintiff's obesity not only at step two, but he also articulated her height and weight at step four in determining the plaintiff's RFC:

> The undersigned also considered the effects of the claimant's obesity in reducing the claimant's residual functional capacity pursuant to Social Security Ruling 02-01p. At the consultative examination in July 2007, the claimant measured 66 inches tall and weighed 272 pounds.

(Tr. 28, 31). Although the ALJ only specifically articulated consideration of obesity at steps two and four, the court cannot conclude that find that his failure to reiterate consideration of plaintiff's obesity at step three resulted in an error in his analysis or consideration of plaintiff's obesity and other impairments.

The ALJ detailed her height and weight both at step two and step four, each time citing to "Exhibit 17F", the consultative examination conducted by Dr. Brian Torrey on July 28, 2007. (Tr. 28 & 31, 419-426). Likewise at step three, the ALJ cited Exhibit 17F in considering plaintiff's severe impairments including arthritis, dysfunction of the joints under Listing 1.02 and chronic anemia under Listing 7.02. (Tr. 29). He noted that the plaintiff's anemia appeared to be caused by "prolonged menses, diverticulosis, and/or cholelithiasis," however, "the claimant reported no bleeding of any kind after 2005 to Drs. John Webb and Brian Torrey and at the recent hearing." *Id*. Further, he found that although plaintiff had some complaints of weakness and dyspnea reflected by her treating physician's records from 2005 to 2007, she repeatedly denied any shortness of breath or chest pain. (Tr. 409-418). Overall, he cited Exhibits 2F, 3F, 4F, 5F,

9

6F, 7F, 12F, 14F, 15F, 16F and 20F in his analysis and consideration of evidence at step three.

Although the ALJ did not mention the effects of her obesity at step three, the evidence in the record as a whole, the ALJ's repeated consideration of plaintiff's obesity and the notes from plaintiff's treating physician and the consultative physician leave no doubt that there is "substantial evidence," as defined by the Fifth Circuit, to support the ALJ's decision. *Muse v. Sullivan,* 925 F.2d at 789 (5th Cir. 1991); *see also Hobbs v. Astrue*, 627 F.Supp. 2d 719, 727 (W. D. La. 2009).

Finally, plaintiff repeatedly argues that both the ALJ and Appeals Council erroneously failed to address her request for an updated medical expert opinion regarding medical equivalency in light of her impairments and severe obesity as provided in Social Security Ruling (SSR) 96-6p. Plaintiff is only entitled to an updated medical expert opinion on medical equivalence to the listings "[w]hen no additional medical evidence is received, but in the opinion of the ALJ the symptoms, signs and laboratory findings reported in the case suggest that a judgment of equivalence may be reasonable;" or "[w]hen additional medical evidence is received that in the opinion of the [ALJ] may change the State agency medical or psychological consultant's finding that the impairment(s) is not equivalent in severity to any impairment in the Listing of impairments." SSR 96-6p, pp. 3-4. Here, however, the ALJ had sufficient medical evidence in the record to determine that the plaintiff did not meet the necessary requirements to equal any of the Listings. Although the plaintiff requested an updated medical expert, she is not entitled to such an opinion except in the ALJ's discretion. *Barnes v. Astrue,* 2008 WL 5348225, *9 (S. D. Tex. 2008) (slip op). The court has found that the ALJ's determination was supported by substantial evidence, and the plaintiff has provided no proffer as to what an updated medical

expert's opinion would provide that would change the ALJ's decision; thus, the fact that the request was not addressed by the ALJ or the Appeals Council is of no consequence. Plaintiff was not entitled to an updated medical expert's opinion, and failure to explicitly deny the request is harmless error, if it is error at all.

<u>Consideration of Cumulative Effects of Plaintiff's Symptoms</u>

Plaintiff next argues that the ALJ's failure to consider all of plaintiff's symptoms in combination, instead reviewing them separately to conclude that her impairments do not meet or equal the listings, warrants reversal. *Davis v. Heckler*, 748 F.2d 293 (5th Cir. 1984), *Scott v. Heckler,* 770 F.2d 482, 487 (5th Cir. 1985); *Wingo v. Bowen*, 852 F.2d 827 (5th Cir. 1988). The Fifth Circuit has held that an ALJ must consider the "combination of unrelated impairments 'to see if together they are severe enough to keep the claimant from doing substantial gainful activity.'" *Scott v Heckler*, 770 F.2d at 487, (quoting *Dorsey v. Heckler*, 702 F.2d 597, 605 (5th Cir. 1983)(disavowed on other grounds)). *Scott* also noted that "the Act seeks to administer relief to the whole man and not simply to serve as a vehicle for the separate clinical analysis of individual ailments." *Id.* To this end, under the regulations controlling the evaluation of disability, the Secretary "can combine unrelated impairments to see if together they are severe enough to keep [the claimant] from doing substantial gainful activity." 20 C.F.R. §§ 404.1522, 416.922.

In this case, the plaintiff argues that even if the court finds that the ALJ was correct that the plaintiff does not have any impairment that meets or equals one of the listings, plaintiff's noted impairments in conjunction with her other symptoms – including but not limited to her pain, fatigue, colon problems, joint pain, anemia, obesity, and hypertension – leave no doubt

that the plaintiff is disabled. There is ample case law to support reversal and remand of an ALJ's unfavorable decision where the ALJ did not consider the cumulative effects of symptoms and ailments on the plaintiff's ability to work. *See Davis v. Heckler*, 748 F.2d 293 (5th Cir. 1984), *Scott v. Heckler,* 770 F.2d 482, 487 (5th Cir. 1985), and *Wingo v. Bowen*, 852 F.2d 827 (5th Cir. 1988).

However, it is clear that the ALJ did consider the plaintiff's symptoms and found that the medical evidence and plaintiff's testimony showed that the symptoms were either (1) resolved over time or controlled by medication [hypertension (Tr. 422), congestive heart failure (Tr. 419, 422), bleeding and blood in stools (Tr. 44 - 45, 419), fluid around the heart (Tr. 51), arthritis (Tr. 419)]; or (2) not supported by objective medical findings (Tr. 419, 422) [aches and pains (Tr. 419), arthritis (Tr. 419)]. The record as a whole, plaintiff's testimony and her medical records support the ALJ's decision that plaintiff's symptoms, when considered cumulatively with plaintiff's impairments, do not meet or equal one of the listings under the Social Security Act. Accordingly, the court holds that the ALJ's decision was supported by "substantial evidence" as defined by the Fifth Circuit and must be affirmed. *Muse v. Sullivan,* 925 F.2d at 789 (5th Cir. 1991).

<u>Failure to afford controlling weight to plaintiff's treating physician</u>

Plaintiff's treating physician was Dr. Bruce Longest. Dr. Longest issued two Medical Source Statements – one in October 2005 and a second in October 2007 – indicating that the plaintiff was able to lift/carry ten pounds or less occasionally (Tr. 311, 434); could stand/walk less than two hours in an eight-hour workday (Tr. 311, 434); could sit about 4 hours in an eight-hour workday in 2005 (Tr. 311) which limit he increased to at least 6 hours in an eight-hour

12

workday in 2007 (Tr. 434); is limited in her ability to twist (Tr. 313, 435) and stoop (Tr. 435); should never stoop (Tr. 313), crouch, climb ladders or stairs (Tr. 313, 435); may miss approximately 4 days per month due to her impairments (Tr. 314, 436); and is capable of performing low stress jobs (Tr. 311, 434). Even in a sedentary job, according to Dr. Longest, she should elevate her legs 50% of an eight-hour workday (in 2005 – Tr. 312), later reduced to 25% of an eight-hour workday (2007 – Tr. 434).

Dr. Brian Torrey, the consultative examiner, also submitted a Medical Source Statement. He opined that the plaintiff could frequently and occasionally lift 10 pounds; stand/walk only 4-5 hours in an eight-hour workday, only 30 minutes to 1 hour without interruption; could sit for 4-5 hours in an eight-hour workday, 1-2 hours without interruption; and could occasionally climb, balance, stoop, crouch, kneel or crawl. (Tr. 424-426). Plaintiff's RFC determined by the ALJ, that she is able to "lift/carry and push/pull 10 pounds occasionally and frequently, stand/walk for 5 hours in an 8-hour workday, and sit for 6 hours in an 8-hour workday. She can occasionally climb, balance, stoop, kneel and crawl," is derived mainly from Dr. Torrey's medical source statement. (Tr. 29, Finding No. 5). The ALJ adopted the time that plaintiff may sit in an eight-hour workday from Dr. Longest's 2007 medical source statement opinion. His overall RFC finding does not differ dramatically from Dr. Longest's general opinions except that it increases the amount of time plaintiff may stand and walk, limits rather than prohibits plaintiff's ability to climb and stoop, and omits the need to elevate the legs.[10]

The Fifth Circuit has held that generally "a treating physician's opinion on the nature and severity of a patient's impairment will be given controlling weight if it is well-supported by

---

[10] There is no question relating to this latter point in the standard medical source form.

medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with . . . other substantial evidence." *Martinez v. Chater*, 64 F.3d 172, 175-76 (5th Cir. 1995); see also 20 C.F.R. § 404.1527(d)(2). Although the treating physician's opinion and diagnosis should be afforded considerable weight in determining disability, "the ALJ has sole responsibility for determining a claimant's disability status." *Moore v. Sullivan*, 919 F.2d 901, 905 (5th Cir. 1990). "'[T]he ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion.'" *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987) (citation omitted). Good cause may exist to allow an ALJ to discount the weight of evidence of a treating physician relative to other experts where the treating physician's evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence. *Newton v. Afpel*, 209 F.3d 448, 456 (5th Cir. 2000).

All of the standards and requirements submitted by plaintiff regarding affording controlling weight to a treating physician and the ALJ's duty to give deference to a treating physician are correct. However, an ALJ may properly afford lesser weight to the medical opinions of a treating physician, if he "perform[s] a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527(d)(2)." *Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000). *Newton* requires remand where the ALJ rejects the sole relevant medical opinion in the record. *Qualls v. Astrue* 2009 WL 2391402, *5 (5th Cir. 2009). In *Newton*, unlike this case, "the ALJ summarily rejected the opinions of [plaintiff's] treating physician, based only on the testimony of a non-specialty medical expert who had not examined the claimant." 209 F.3d at 458. Here both Drs. Longest and Torrey had examined the plaintiff and thus had first-hand knowledge of the plaintiff's impairments.

Social Security Administration Regulations provide that the Social Security Administration "will always give good reasons in [its] notice of determination or decision for the weight [it gives the claimant's] treating source's opinion." The regulation is construed in SSR 96-2p, which states:

> [A] finding that a treating source medical opinion is not well supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to "controlling weight," not that the opinion should be rejected. Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. 404.1527 and 416.927.

SSR 96-2p. Accordingly, an ALJ must provide appropriate explanations when he declines to afford controlling weight to the treating physician's opinions. *Id.*

The ALJ clearly reviewed and relied upon Dr. Longest's records and opinion. In fact, Dr. Longest's records are thoroughly addressed throughout the decision, along with all the medical evidence. The ALJ noted that he "affords some weight to the findings of Dr. Bruce Longest . . . . [but] accords lesser weight to Dr. Longest's medical source statements. . . as they appear to be based in part on the claimant's subjective complaints rather than on his objective findings." (Tr. 31). Dr. Longest's treatment notes did not contain evidence to support his stated opinion that plaintiff needed to elevate her legs for a portion of a regular workday if in a sedentary job. *Id.* Likewise, Dr. Longest's treatment notes did not substantiate his conclusion that plaintiff would likely miss approximately four days of work per month, that she could stand/walk for less than 2 hours a day, tolerate only low stress jobs and should never stoop crouch or climb. *Id.* In light of these factors and the record as a whole, and taking into account the hearing testimony of the plaintiff and the VE, the ALJ afforded lesser weight to Dr. Longest's opinion and assessment of

the plaintiff.

The court considers objective medical facts, diagnoses and opinions of treating and examining physicians, the claimant's subjective evidence of pain and disability, and the claimant's age, education, and work history when considering whether the ALJ's decision is supported by substantial evidence. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995) (*per curiam*); *see also Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991). Even though the ALJ is afforded discretion when reviewing facts and evidence, he is not qualified to interpret raw medical data in functional terms. *Perez v. Secretary of Health and Human Services*, 958 F.2d 445, 446 (1st Cir. 1991) (citations omitted); *see Richardson v. Perales*, 402 U.S. 389, 408 (1971) (upholding the use of testimony from vocational expert because the ALJ is a layman). In this case, the ALJ considered Dr. Longest's medical source statement but found that it was not supported by objective medical findings or Dr. Longest's own treatment notes. Even though he did not expressly delineate each individual factor, the ALJ discussed the factors necessary to be addressed before affording lesser weight to a treating physician and properly determined that there was good cause for affording Dr. Longest's medical source statements lesser weight. *Qualls,* 2009 WL 2391402, *5 (5th Cir. 2009). Considering those records in combination with the effects of plaintiff's obesity, pain, assessment of daily living activities, the VE's testimony and applicable regulations, the ALJ determined that the plaintiff was not under a disability as defined by the Act.

## CONCLUSION

After diligent review, the court holds that the ALJ's decision was supported by substantial evidence and therefore must be affirmed. A final judgment will issue this day.

THIS, the 12th day of February, 2010.

                /s/ S. Allan Alexander
                UNITED STATES MAGISTRATE JUDGE